IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FERNANDO ZAVALA DE LA TORRE,

    Plaintiff,

    v.

SOIL TECH CORPORATION, GROUND MATERIAL TESTING SYSTEMS CORPORATION and ENVIRONMENTAL RESEARCH TECHNOLOGY CORPORATION,

    Defendants.

CIVIL NO. 01-2411 (RLA)

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS
AND FOR SUMMARY JUDGMENT**

The Court has before it codefendants' SOIL TECH CORPORATION, GROUND MATERIAL TESTING SYSTEMS CORPORATION's (GMTS) and ENVIRONMENTAL RESEARCH TECHNOLOGY CORPORATION's (ERTEC) Motion to Dismiss for Lack of Jurisdiction (**docket No. 31**), and Motion for Partial Summary Judgment (**docket No. 39**). Plaintiff has opposed (**docket Nos. 41 and 46, respectively**).

This is a civil action filed pursuant to the Age Discrimination in Employment Act of 1967 (ADEA) 29 U.S.C. §§ 621-634 (1999 and Supp. 2004). Supplemental jurisdiction has been invoked pursuant to Act 100 of June 30, 1959, P.R. Laws Ann. tit. 29 §§ 146-155m (2002 and Supp. 2003), and Act 80 of May 30, 1976, P.R. Laws Ann. tit. 29 § 185a-194b (2002).

**CIVIL NO. 01-2411 (RLA)**                                                                 **Page 2**

**Motion to Dismiss**

Defendants ERTEC and GMTS assert that the claims against them must be dismissed for lack of jurisdiction because they were not identified as employers in plaintiff's administrative complaint before the EEOC.

On June 14, 2000, plaintiff FERNANDO ZAVALA filed a charge of discrimination against SOIL TECH CORPORATION with the Anti-Discrimination Unit of the Department of Labor and Human Resources of Puerto Rico (ADU) and the Equal Employment Opportunity Commission (EEOC). Plaintiff failed to include codefendants ERTEC and GMTS in the ADU and EEOC charges.

## DISCUSSION

Under Rule 12(b)(1), a defendant may move to dismiss an action against it based on lack of federal matter jurisdiction. Since federal courts have limited jurisdiction, the party invoking federal jurisdiction has the burden of demonstrating its existence. Murphy v. United States, 45 F.3d 520, 522 (1st Cir 1995). A district court "must construe the complaint liberally, treating all well pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998) (citing Royal v. Leading Edge Prods., Inc., 833 F.2d 1 (1st Cir. 1987)). Nonetheless, the court may review any evidence to resolve factual disputes bearing upon the existence of jurisdiction,

**CIVIL NO. 01-2411 (RLA)**                                                                 **Page 3**

including submitted affidavits and depositions. See Land v. Dollar, 330 U.S. 731, 734-35, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947).

It has been well established that a person not named in the EEOC charge is not subject to a Title VII suit. Adorno-Rosado v. Wackenhut P.R., Inc., 98 F. Supp.2d 181, 184 (D.P.R. 2000). Thus, if codefendants did not receive a notice of charge and were not included in the conciliatory proceedings before these agencies, there is no subject matter jurisdiction and the action can be dismissed against them. Plaintiffs do not dispute the fact that ERTEC and GMTS were not named in the EEOC administrative charge. However, they argue that defendants are engaged in a "close legal relationship" and are so closely related in their activities and management as to constitute an integrated enterprise. In Sedlacek v. Hach, 752 F.2d 333, 336 (8th Cir. 1985), the Court of Appeals determined that one exception to the general rule that a complainant must file a charge against a party with the EEOC before he can sue that party was when a "substantial identity" existed between the parties brought before the EEOC and the ones brought to the trial court.

In this action, plaintiff alleges that SOIL TECH, ERTEC, and GMTS were joint employers, in that they occupied the same office space; shared the same administrative and operating personnel, equipment and warehouse; interchanged employees amongst each other and provided common fringe benefits and financial resources to their employees. These actions, as carried out by defendant corporations, have been

**CIVIL NO. 01-2411 (RLA)**                                                                 **Page 4**

called into question under the so called "integrated enterprise theory" and have been interpreted by the courts as permitting a holding that a charge against one corporation meets the jurisdictional prerequisite of a timely charge with respect to all corporations so closely involved. See EEOC v. McLemore Food Stores, Inc., 1978 WL 13922, 25 Fair Empl.Prac.Cas. (BNA) 1356 (W.D.Tenn. Jun 05, 1978)(under integrated enterprise theory, separate business entities are combined and treated as a single employer for purposes of liability.) Thus, there is a question of fact regarding whether defendants SOIL TECH, GMTS and ERTEC are indeed joint employers. Inasmuch as the Court must construe the averments of the complaint in the light most favorable to plaintiff, we hereby **DENY** defendants' motion to dismiss (**docket No. 31**) pursuant to Fed. R. Civ. P. 12(b)(1).

## Motion for Summary Judgment

Defendants' Motion for Partial Summary Judgment (docket No. 39) requests the Court's dismissal of plaintiff's ADEA claims Law 100 claims and Law 80 claims, on the grounds that the undisputed facts establish that plaintiff failed to state a *prima facie* case under the applicable standards, in that the reason that plaintiff was dismissed was that his employer, SOIL TECH closed its operations.

Plaintiff has filed an opposition, along with a statement of uncontested and contested facts, which indicate that despite the averred reason given for plaintiff's separation, plaintiff was the

**CIVIL NO. 01-2411 (RLA)**                                                    **Page 5**
_____

only employee not retained by defendants after the alleged closing of SOIL TECH.  Plaintiff further alleges that after his discharge, younger and less senior employees were carrying out his duties.

As issues of material facts impede the entry of summary judgment in defendants' favor, their motion for partial summary judgment (**docket No. 39**) is hereby **DENIED**.

STATUS REPORT AND CONFERENCE

The parties shall meet to file, **no later than October 19, 2005,** a JOINT STATUS REPORT, outlining those items of discovery that have been completed to date and setting forth proposed deadlines for conclusion of any outstanding discovery.

The Court shall set a STATUS CONFERENCE and/or trial date upon consideration of the JOINT STATUS REPORT.[1]

IT IS SO ORDERED.

San Juan, Puerto Rico, this 28th day of September, 2005.

S/Raymond L. Acosta
RAYMOND L. ACOSTA
United States District Judge

---

[1] See Plaintiff's Motion Requesting Pretrial Conference (docket No. **59**).